# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

NAOMI STATON,
Claimant Below, Petitioner

**FILED**
June 22, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

vs.)    No. 15-0620 (BOR Appeal No. 2050083)
                  (Claim No. 2013018978)

INTEGRATED RESOURCES, INC.,
Employer Below, Respondent

## MEMORANDUM DECISION

Petitioner Naomi Staton, by Stephen P. New, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Integrated Resources, Inc., by Jeffery B. Brannon, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated May 20, 2015, in which the Board affirmed a December 1, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's May 30, 2013, decision to grant a 0% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Naomi Staton, a personal care service aide for Integrated Resources, Inc., was injured while moving a patient on January 17, 2013. Ms. Staton reported to the emergency department at Beckley Appalachian Regional Hospital with groin pain and interior thigh pain on January 21, 2013. She was examined and diagnosed with a ligamentous sprain. She was prescribed medication and discharged. On January 29, 2013, Ms. Staton underwent an x-ray examination of her right hip. It revealed no fracture or traumatic subluxation. A review of her lumbar spine demonstrated osteoarthritis and degenerative disc disease with no findings to suggest a fracture.

1

On February 22, 2013, the claims administrator held the claim compensable for a right leg and groin sprain.

Marsha Bailey, M.D., found that Ms. Staton had reached maximum medical improvement and suffered no whole person impairment in her April 11, 2013, independent medical evaluation. Dr. Bailey indicated that this injury had long since resolved and that Ms. Staton's ongoing complaints of chronic lower back and bilateral knee pain were not related to the compensable injury but rather to her condition of obesity. The claims administrator granted a 0% permanent partial disability award on May 30, 2013.

On February 21, 2014, an independent medical evaluation performed by Bruce Guberman, M.D., found that Ms. Staton had reached maximum medical improvement and suffered from 8% whole person impairment. He opined that the majority of the pain in her right hip resulted from radiation of her low back pain. He indicated that Ms. Staton demonstrated abnormalities in her range of motion of her right hip. However she also had range of motion abnormalities in her uninjured left hip. Therefore, Dr. Guberman opined that the range of motion abnormalities in the right hip were unrelated to the compensable injury. For the lumbar spine, Dr. Guberman found 8% whole person impairment utilizing the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993) and West Virginia Code of State Rules § 85-20-C (2006).

The Office of Judges affirmed the claims administrator in its December 1, 2014, Order. It found that Ms. Staton did not suffer any ratable impairment related to the injury. Both Dr. Guberman and Dr. Bailey submitted independent medical evaluations. Dr. Guberman found 8% whole person impairment but noted that it was related to the lower back. Dr. Bailey found 0% impairment. The Office of Judges noted that no lower back injury has been held compensable in this claim. The Office of Judges also noted that Dr. Guberman found no impairment related to the hip. Because both doctors found 0% whole person impairment related to the hip and the back was not a compensable condition of the claim, the Office of Judges concluded a 0% permanent partial disability award was appropriate. The Board of Review adopted the findings of the Office of Judges and affirmed its Order on May 20, 2015.

After review, we agree with consistent decisions of the Office of Judges and Board of Review. The record is clear that there was no whole person impairment attributable to a compensable condition in the claim. As a result, it was not in error for the Office of Judges and Board of Review to grant a 0% permanent partial disability award.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: June 22, 2016**


**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II